# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JULIE RENEE V.,**[1]             ) | |
|                          ) | |
|            **Plaintiff,**    ) | |
|                          ) | **CIVIL ACTION** |
| **v.**                           ) | |
|                          ) | **No. 21-2461-JWL** |
| **KILOLO KIJAKAZI,**           ) | |
| **Acting Commissioner of Social Security,**   ) | |
|                          ) | |
|           **Defendant.**    ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that the final decision shall be REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

## I.   Background

Plaintiff filed an application for DIB on December 7, 2017, alleging disability beginning February 25, 2017. (R. 383, 385). After exhausting administrative remedies

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims numerous errors in the ALJ's residual functional capacity (RFC) assessment, and that he erred at step five in finding jobs available in the national economy in significant numbers to an individual with the RFC assessed.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  Because the court finds error in the ALJ's finding a significant number of jobs in the national economy it addresses solely that issue and will not provide an advisory opinion on the other alleged errors.  Plaintiff may argue those alleged errors before the Commissioner on remand.

## II.    Discussion

Plaintiff points out that the ALJ limited her to simple, routine, and repetitive tasks and found her capable of performing work in the national economy represented by the occupations of document preparer, DICOT 249.587-018, with 19,000 jobs; cutter/paster, DICOT 249.587-014, with 11,800 jobs; and parimutuel-ticket checker, DICOT 219.587-010, with 4,000 jobs.  (Pl. Br. 27) (citing R. 21-22, 30).  She points out that the Tenth Circuit has found that level 3 reasoning is inconsistent with simple work, id. (citing among others Hackett v. Barnhart, 395 F.3d 1168, 1171 (10th Cir. 2005)), and the

4

occupations of document preparer and parimutuel-ticket checker both require level 3 reasoning.  (Pl. Br. 27).  She argues the ALJ erred in relying upon these occupations and thereby failed to sustain her step five burden, requiring remand.  Id.

The Commissioner responds that even assuming the ALJ erred with regard to the occupations of document preparer and parimutuel-ticket checker, the occupation of cutter/paster, comprising 11,800 jobs in the national economy requires only level 2 reasoning and the Commissioner's step five burden may be satisfied by one occupation. (Comm'r Br. 16) (citing Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009); Rogers v. Astrue, 312 F. App'x 138, 142 (10th Cir. 2009) (suggesting that 11,000 jobs in the national economy was substantial evidence to support a determination of nondisability); and White v. Kijakazi, No. 21-5151-KHV, 2022 WL 1120517, at *8 (D. Kan. April 14, 2022) (finding that one remaining occupation totaling 12,000 jobs in the national economy constituted a significant number)).  In her Reply Brief, Plaintiff distinguishes each of the cases cited by the Commissioner and cites to this court's decision in Vyskocil v. Astrue, Civ. A. No. 11–1135–JWL, 2012 WL 2370200, at *3 (D. Kan. June 22, 2012) wherein it declined to find 55,000 jobs nationally, 450 in Kansas, and 50 in Western Kansas to be a significant number of jobs.

Level 3 reasoning is defined as:  "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  DOT, App'x C, II, available online at: https://www.dol.gov/agencies/oalj/PUBLIC/DOT/ REFERENCES/DOTAPPC (last visited December 14, 2022).  As Plaintiff suggests, the

5

Tenth Circuit has held that a mental RFC limited to "the attention, concentration, persistence and pace levels required for simple and routine work tasks" is inconsistent with the demands of level-three reasoning.  Hackett, 395 F.3d at 1176.  The Hackett court determined it "must reverse this portion of the ALJ's decision and remand to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE."  Id.  From this discussion it becomes clear it was error for the ALJ in this case to rely upon the two occupations which require level 3 reasoning.

The question for the court, then, is whether the 11,800 representative jobs in the cutter/paster occupation qualify as a significant number of jobs in the national economy as a matter of law, justifying finding the ALJ's erroneous reliance on the other occupations was harmless error.  The court finds it does not.

As noted above the three occupations the ALJ relied upon to find a significant number of jobs available in the national economy comprise a total of 34,800 jobs in the national economy.  (R. 30).  The ALJ found this number of jobs comprised a significant number of jobs in the national economy; id. at 29, 30; but he did not state any of the facts upon which he relied to make this determination.  The court takes notice of the fact that Social Security decisions usually rely on occupations representing hundreds of thousands of jobs in the economy, sometimes millions.  That is not to suggest that reliance on 34,800 representative jobs is error, but it does suggest that that such a number is at the low end of the range for consideration, and lower numbers likely would require specific discussion by the ALJ to justify finding a significant number.  Consequently, when more

than two-thirds of this low number of representative jobs is found not to be available, it raises concerns in the court's mind.  As Plaintiff points out, this court long ago found that if only one occupation remained comprising 55,000 jobs in the national economy it would not be appropriate for the court to determine in the first instance whether that was a significant number.  Vyskocil, 2012 WL 2370200, at *3.

The Tenth Circuit has refused to draw a bright line to establish the number of jobs which constitute a "significant number."  Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992).  But it has applied harmless error analysis and concluded no reasonable factfinder could find an insignificant number of jobs where there were 650,000 jobs available in the national economy, Anderson v. Colvin, 514 F. App'x. 756, 764 (10th Cir. April 4, 2013); 500,000 jobs, Bainbridge v. Colvin, 618 F. App'x 391-92 (10th Cir. July 7, 2015); 215,000 jobs, Shockley v. Colvin, 564 F. App'x. 935, 940-941 (10th Cir. April 29, 2014); 212,000 jobs, Chrismon v. Colvin, 531 F. App'x. 893, 899-900 (10th Cir. Aug. 21, 2013); and 152,000 jobs, Stokes v. Astrue, 274 F. App'x. 675, 683-684 (10th Cir. April 18, 2008).  However, in Chavez v. Barnhart, 126 F. App'x. 434, 436-437 (10th Cir. Feb. 3, 2005) the court found 49,957 jobs in the national economy (and 199 in the region) is insufficient to be considered a significant number as a matter of law and refused to find harmless error.

Based upon Tenth Circuit precedent and this court's prior decisions, the court finds it may not determine the 11,800 jobs as a cutter/paster are a significant number as a matter of law and must remand for the Commissioner to make that finding in the first instance.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be

REVERSED and judgment shall be entered pursuant to the fourth sentence of 42 U.S.C.

§ 405(g) REMANDING the case for further proceedings consistent herewith.

Dated December 15, 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**